914 F.2d 1491
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John B. KOTMAIR, III, Dorothy M. Dunty, Plaintiffs-Appellants,
v.
COUNTY COMMISSIONERS OF CARROLL COUNTY, MARYLAND, a body
corporate and politic of the State of Maryland,
Defendant-Appellee.
 No. 89-1564.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 18, 1990.
Decided Oct. 2, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CA-89-1798-PN).
 Andrew J. Groszer, Jr., Cockeysville, Md., for appellants.
 Charles W. Thompson, Jr., County Attorney for Carroll County, Westminister, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs John B. Kotmair, III, and Dorothy M. Dunty brought suit against defendants, the County Commissioners of Carroll County, Maryland, seeking declaratory and injunctive relief from enforcement of an allegedly invalid zoning ordinance. The district court dismissed the case for lack of jurisdiction. Plaintiffs appeal the district court judgment. We affirm.
 
 
 2
 * Hong Kong Investments and Development Company, Ltd., owned property known as 2911 Groves Mill Road. Plaintiffs resided in mobile homes located on this property. On February 17, 1988, Carroll County initiated an action in state court against Hong Kong Investments and Kotmair to enjoin them from maintaining a junkyard and using mobile homes on the 2911 Groves Mill Road property. Carroll County properly served Hong Kong Investments, but failed to serve Kotmair.
 
 
 3
 On August 3, 1988, a hearing was held. Neither defendant appeared. As a result of this hearing, the state court entered an order on August 9, 1988, enjoining Hong Kong Investments from operating a junkyard on the property and from permitting mobile homes on it. The order directed Hong Kong Investments to remove the mobile homes. If it did not, the order commanded the county to remove the homes.
 
 
 4
 Shortly thereafter, Kotmair filed a Motion to Dissolve or Modify Injunction in state court, alleging, in part, that removal of his mobile home would place a severe hardship on him and that he had not operated a junkyard in violation of any zoning ordinance. On October 26, 1988, Kotmair sought to amend his motion, alleging that the injunction also violated his rights under the Fifth and Fourteenth Amendments. On this same day, Dunty, who had not been named a party to the original action, moved to intervene.
 
 
 5
 In the meantime, the state court had entered an order staying execution of the August 9, 1988, order pending a hearing and decision on Kotmair's Motion to Dissolve or Modify Injunction. On November 10, 1988, the state court held a hearing on the matter. Both Kotmair and Dunty participated. On May 17, 1989, the state court denied the motion and ordered that Kotmair and Hong Kong be enjoined from operating or maintaining a junkyard and from parking or using mobile homes on the property. The court, however, did not specifically state whether it had granted Kotmair's motion to amend his Motion to Dissolve or Modify Injunction and, thus, did not indicate whether it had considered his constitutional arguments in reaching its determination. Likewise, it failed to indicate if it had permitted Dunty to intervene and, thus, bound her to the decision. Defendants in the state court action did not appeal the order.
 
 
 6
 On June 15, 1989, Kotmair and Dunty filed this complaint in the district court for the District of Maryland.* The district court, citing principles of abstention, res judicata and collateral estoppel, dismissed the case.
 
 II
 
 7
 Plaintiffs contend that the district court should not have relinquished jurisdiction because "[t]he time is right for consideration of the merits of the mobile home exclusion issue in the U.S. District Court." The doctrine of abstention, of course, permits a federal court to relinquish jurisdiction in certain defined circumstances. The Supreme Court, however, has often stated that abstention remains " 'the exception, not the rule.' " Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229, 236 (1984) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976)). It is well-settled that a federal court may relinquish jurisdiction in a case involving "basic problems of [state] policy." Burford v. Sun Oil Co., 319 U.S. 315, 332 (1943). For Burford abstention to be appropriate, we have required there to be "a complex state regulatory scheme concerning important matters of state policy for which impartial and fair administrative determinations subject to expeditious and adequate judicial review are afforded." Aluminum Co. of America v. Utilities Comm'n of North Carolina, 713 F.2d 1024, 1029 (4th Cir.1983), cert. denied, 465 U.S. 1052 (1984); see also Meredith v. Talbot County, Maryland, 828 F.2d 228, 232 (4th Cir.1987).
 
 
 8
 The case sub judice satisfies the Burford requisites. First, the Carroll County zoning statutes, regulations, and procedures constitute a complex state regulatory scheme. Second, zoning "involves important matters of state and local policy which ... should remain a purely state affair." Meredith, 828 F.2d at 232. Finally, the administrative determinations by the zoning commission are subject to expeditious and adequate judicial review. The Carroll County Zoning Ordinance and the Maryland state statutes provide for several steps of administrative and judicial review: (1) property owners have the right to appeal the zoning commission's determination to the Board of Zoning Appeals; (2) they have the right to appeal the decision by the Board of Zoning Appeals to the state circuit court; and (3) they have the right to appeal the state circuit court judgment to the Court of Special Appeals. See Md.Ann.Code art. 66B, Secs. 4.07 and 4.08 (1988); see also Meredith, 828 F.2d at 232.
 
 
 9
 In sum, we find that the district court correctly dismissed the instant case based on principles of abstention. Because we affirm the district court decision on this basis, we need not address the issues of res judicata or collateral estoppel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid in the decisional process. In view of the above, the judgment of the district court is affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Hong Kong Investments is not a party to this action